UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:24-cv-23385

ANGIE WILLIAMS,

Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES
a Liberian corporation,

Defendant.

______________________________/

**COMPLAINT**

**COMES NOW** the Plaintiff, ANGIE WILLIAMS, by and through the undersigned counsel, and hereby allege the following on information and belief:

**JURISDICTION AND IDENTIFICATION OF PARTIES**

1. At all times material hereto, the Plaintiff, ANGIE WILLIAMS was a citizen of the United States and is a resident of Hillsborough County, Florida, and files this Complaint for Damages in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable Court possesses jurisdiction over the instant matter pursuant to the issued ticket by Defendant containing a venue clause which requires that all disputes and matters arising out of and in connection with cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Miami and there is complete diversity between the parties, 28 United States District Court, Section 1332.

2. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Liberian corporation (hereinafter referred to as CARNIVAL), was and is a business entity engaged in the shipping and passenger cruise business.

3. At all times material hereto, the Defendant, CARNIVAL, was and is a corporation engaged in the shipping and passenger cruise business operated by and/or for the financial interests and/or benefits of the United States citizens. CARNIVAL maintains a fleet of cruise ships that provide travel and related activities in international waters and at seaports in the United States of America and around the world. CARNIVAL provides its passengers with travel packages, which include but are not limited to room and board, entertainment, and cruise-sponsored shore excursions at selected ports of call.

4. At all times material hereto, the Defendant, CARNIVAL, owned, operated, and managed the vessel *Carnival Conquest*.

**FACTS GIVING RISE TO CAUSES OF ACTION**

5. At all times material hereto, the Plaintiff, ANGIE WILLIAMS, purchased a CARNIVAL ticket for a vacation on CARNIVAL'S cruise ship, *Carnival Conquest*.

6. At all times material hereto, ANGIE WILLIAMS was lawfully and legally aboard the *Carnival Conquest* as an invitee and paying passenger with the actual and/or constructive consent of CARNIVAL to be physically present aboard such vessel.

7. On or about September 8, 2023, Plaintiff, ANGIE WILLIAMS attempted to descend the stairway on the first deck to disembark the subject vessel. Suddenly and without warning, she tripped and violently fell to the ground.

8. At all times material hereto, the stairway on the first deck was dangerous and in unreasonable condition for invitees and paying passengers. At all times, the Defendant should have been aware of the danger and should have taken any and all precautionary measures available to ensure an invitee on the ship would not be injured by such a dangerous condition. Defendant, through its agents and/or employees failed to take any such precautionary measures and no warning signs of the danger presented to such invitees. As a result, the Plaintiff fell to the

ground, feeling immediate and excruciating pain to her hands, wrists, legs, knees, ankle and hips. Specifically, the fall was proximately caused by a foreign substance that was allowed to remain on the stairs by Defendant, its employees and agents. After the fall, Plaintiff attempted to learn the identity of the substance but due to the amount of passengers and crew traffic the severity of her injuries she was unable to do so.

9. Due to Defendant CARNIVAL'S negligence and failure to use reasonable care in maintaining the stairway in a reasonably safe condition, the Plaintiff, ANGIE WILLIAMS, sustained severe injuries including her hands, wrists, legs, knees, ankle and hips.

## COUNT I
## NEGLIGENCE OF CARNIVAL

10. The Plaintiff adopt and realleges paragraphs one (1) through nine (9) as if fully set forth herein, and further allege:

11. At all times material hereto, Defendant CARNIVAL owed to Plaintiff, ANGIE WILLIAMS, an invitee on the ship's premises, the duty to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

12. Additionally, at all times material hereto, the Defendant, CARNIVAL, owed to the Plaintiff, ANGIE WILLIAMS, the duty to give her warning of concealed perils which are known or should be known to Defendant, and which were unknown to Plaintiff and could not be discovered by her through the exercise of due and reasonable care.

13. The Defendant, CARNIVAL, breached its duty to Plaintiff in one or more of the following ways:

a. Failing to use reasonable care in maintaining the premises in a reasonably safe condition. Specifically, the wet tiles that created a dangerous condition unbeknownst to visitors;

b. Failing to give Plaintiff warning that the stairway area was a dangerous condition, and that extra caution should be taken in that particular area, given the hidden dangers;

c. Failing to maintain the premises in a reasonably safe condition for invitees and Plaintiff. Specifically, upon learning of the dangerous condition of the stairway, CARNIVAL'S agents and employees failed to take any remedial action to rectify the dangerous condition of the subject area;

d. Failing to properly train its agents and/or employees to keep the premises in a reasonably safe condition for invitees and specifically, for the Plaintiff;

e. Failing to properly monitor its agents and/or employees so as to reasonably assure that they were maintaining the premises in a reasonably safe condition for all invitees, and specifically, the Plaintiff;

f. Failing to implement and train its agents and/or employees in policies and procedures designed to reasonably assure the safety of invitees on the premises;

g. Failing to enforce the policies and procedures designed to reasonably assure the safety of invitees on the premises, and

h. Other acts of negligence to be determined through discovery.

14. The above-described negligent acts and/or omissions are the direct and proximate cause of ANGIE WILLIAMS' injuries.

**CLAIM OF ANGIE WILLIAMS**

15. The Plaintiff, ANGIE WILLIAMS, adopts and realleges all prior material paragraphs, and further states:

16. As a direct and proximate result of the above-described negligent acts and/or omissions, the Plaintiff, ANGIE WILLIAMS, makes the following claims for damages against CARNIVAL:

a. Bodily injuries; specifically, hands, wrists, legs, knees, ankle and hips;

b. Resulting pain and suffering;

c. Permanent disability;

d. Permanent disfigurement;

e. Aggravation of a pre-existing;

f. Mental anguish;

g. Loss of the capacity for the enjoyment of life;

h. Expenses of medical, nursing, and rehabilitative expenses;

i. Loss of earnings;

j. Loss of the ability to earn money; and

k. Aggravation of a pre-existing condition.

17. These losses are either permanent or continuing and Plaintiff, ANGIE WILLIAMS, will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, ANGIE WILLIAMS, demands judgment against the Defendant, CARNIVAL CORPORATION, for the full value of his losses together with costs of suit to the extent allowable by law.

**DEMAND FOR JURY TRIAL**

The Plaintiffs hereby demand Trial by Jury of any issue triable of right by a jury.

Signed this 4th day of September, 2024.

Respectfully Submitted,

By: *\/s/* Jack Paris

**JACK PARIS, ESQ.**
Florida Bar No. 984310

**THE COCHRAN FIRM SOUTH FLORIDA**
*Attorneys for Plaintiff*
1625 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: (954) 473-0011
Facsimile: (954) 530-1082
jparis@cochranfirmsouthflorida.com
vvina@cochranfirmsouthflorida.com