UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:24-CV-23385-KMM

ANGIE WILLIAMS,

Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES
a Foreign Profit Corporation,

Defendant.
_________________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**RULE 12 MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Plaintiff, ANGIE WILLIAMS, by and through the undersigned counsel, hereby files this Response to Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES Rule 12 Motion to Dismiss Plaintiffs' Complaint dated October 3, 2024, respectfully states as follows and requests this Honorable Court deny said Motion:

1. This is a personal injury action filed by Plaintiff, ANGIE WILLIAMS following an injury producing fall on a stairway aboard the Carnival Cruise Lines vessel Conquest on or about September 8, 2023. At the time of the fall, Plaintiff was in the process of disembarking the subject vessel along with the other passengers of said cruise.

2. For purposes of this Response, Plaintiff agrees that Defendant has cited to this Honorable Court the correct standard by which a Motion to Dismiss should be reviewed and that federal maritime law governs this claim (Defendant's Memorandum I. and II.).

3. Plaintiff has, in her Complaint, carefully pled and alleged that some foreign substance was the proximate cause of her fall on the stairway during disembarking, and been candid with this Honorable Court that due to the high level of passenger and crew traffic in the area, she was unable at that time to conduct an investigation post-accident as to the identity of the foreign substance/matter that proximately caused her to fall (See Plaintiff's Complaint, paragraph 8).

4. Defendant alleges that notice has not been pled in the Complaint. However, Paragraph 8 of the Complaint specifically alleges Defendant's constructive notice of the foreign substance that caused the fall (Plaintiff has not made an allegation that this is an actual notice case). This allegation is sufficient to survive the Motion to Dismiss as to this issue. Paragraph 13 and its subparts additionally allege with no ambiguity failure to warn as to the stairway (as to the presence of foreign substance), failure to maintain the stairway in a safe condition (namely free of foreign substances) and failure by Defendant to reasonably train and monitor its employees in caring for the stairway. These allegations are more than sufficient to survive a Motion to Dismiss. Respectfully, the Motion to Dismiss should be denied.

5. It is also clear that the real issue at this preliminary stage is the lack of identity of the foreign substance. Given the unique facts alleged by Plaintiff, specifically that the fall occurred during the always and traditionally busy and rushed disembarkation period, and her inability to return to the site of the fall as a result post-accident, precludes the traditional argument that she has to specifically identify the foreign substance at this early stage (this issue may be more suitable for Summary Judgment, depending on the outcome of discovery).

**WHEREFORE**, Plaintiff, ANGIE WILLIAMS, hereby respectfully request that Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES 12 Rule Motion to Dismiss Plaintiffs' Complaint be denied.

Respectfully submitted,

*/s/* Jack Paris, Esq.
JACK PARIS, ESQ.
Florida Bar No.: 984310

**THE COCHRAN FIRM SOUTH FLORIDA**
*Attorneys for Plaintiff*
1625 N. Commerce Parkway, Suite 200
Weston, Florida 33326
Telephone: (954) 473-0011
Facsimile: (954) 530-1082
jparis@cochranfirmsouthflorida.com
vvina@cochranfirmsouthflorida.com