UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-23385-KMM

ANGIE WILLIAMS,

Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUSE LINE
Defendant.
_____________________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, CARNIVAL CORPORATION d/b/a Carnival Cruise Line (hereinafter, "Defendant" or "CARNIVAL"), by and through undersigned counsel, files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint [D.E. 12], and in support states as follows:

**INTRODUCTION**

In this maritime personal injury action Plaintiff alleges she tripped and fell while descending a staircase on the Carnival *Conquest* on September 8, 2023. [D.E. 1]. However, Plaintiff's Complaint fails to allege what caused her to trip and fall or that Carnival was on notice of any dangerous condition, both of which are fatal to the single claim of negligence alleged in her Complaint. [D.E. 1]. After Carnival filed its 12(b)(6) motion to dismiss Plaintiff's Complaint [D.E. 12] (the "Motion"), Plaintiff filed a Notice of Scrivener's Error-Correction on Complaint Paragraph 13(a), amending her Complaint to allege that Carnival was negligent by

> "Failing to use reasonable care in maintaining the premises in a reasonably safe condition. Specifically, the *foreign substance* that created a dangerous condition unbeknownst to visitors,"

whereas the Complaint initially alleged "*wet tiles*." [D.E. 13] (emphasis added). As of the date of the filing of this Reply, the Court has not entered an Order accepting Plaintiff's Notice of Scrivener's Error as a proper amendment to Plaintiff's Complaint. Notwithstanding, the revision does not correct the pleading deficiencies in Plaintiff's Complaint, which is insufficiently pled under either language of paragraph 13(a) ("wet tiles" or "foreign substance").

Accordingly, for the reasons set out in Carnival's Motion and below, Carnival submits that Plaintiff's Complaint should be dismissed in its entirety.

**ARGUMENT**

As an initial matter, Plaintiff's Response to Carnival's Motion to Dismiss is deficient as it does not cite to any legal authorities in support of its arguments. *See Rodriguez v. Supersonic of Fla.*, No. 20-23459-Civ-SCOLA/TORRES, 2021 U.S. Dist. LEXIS 18972, at *6 (S.D. Fla. Jan. 29, 2021) ("It is [ ] unclear how Mr. Healy's one and a half page response can be given any weight when it is conclusory, devoid of legal authorities"); *Eads v. Allstate Indem. Co.*, No. 14-CIV-61791, 2016 U.S. Dist. LEXIS 188716, at *33 (S.D. Fla. Jan. 25, 2016) (citing *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The Court] will not do his research for him.") Notwithstanding, Plaintiff's arguments in her Response are unpersuasive and Carnival replies to them in turn.

**I. The Complaint Fails to Plead Notice**

Neither Plaintiff's Complaint nor her Response establish that Plaintiff has sufficiently alleged that Carnival had notice of any dangerous condition. Under maritime general negligence law, a plaintiff must "plead sufficient facts to support each element of his claim, including that Carnival had actual or constructive notice about the dangerous condition" *Holland v. Carnival*

*Corp.*, 50 F. 4th 1088, 1095 (11th Cir. 2022); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) ("A prerequisite to liability under this standard is the ship owner having actual or constructive notice of the risk-creating condition at issue.") Plaintiff's Complaint contains no allegations of notice; and therefore, does not meet the required pleading standards and should be dismissed under Rule 12(b)(6). *Id.*

In her Response, Plaintiff argues that paragraph 8 of the Complaint alleges constructive notice sufficient to withstand a motion to dismiss; however, Plaintiff is mistaken. Paragraph 8 alleges only that "At all times, the Defendant should have been aware of the danger and should have taken any and all precautionary measures available to ensure an invitee on the ship would not be injured by such a dangerous condition." [D.E. 1, ¶ 8]. This is not a factual allegation from which notice can be inferred as it does not convey any fact as to *how* Carnival knew or should have known of any dangerous condition.

Similar allegations are routinely found to be too conclusory to withstand a motion to dismiss. For example, in *Mallory v. Carnival Corp.*, No. 1:23-cv-20664, 2023 U.S. Dist. LEXIS 75306, at *7 (S.D. Fla. Apr. 28, 2023) (Moore, J.), the plaintiff likewise alleged only that the Carnival "should have known of the condition." This Honorable Court held that the "Plaintiff's threadbare allegations regarding Defendant's alleged notice of a hazardous condition are insufficient," and that "[w]hen a plaintiff makes conclusory legal allegations but fails to 'include factual allegations that plausibly suggest [a defendant] had constructive notice of the dangerous condition,' the plaintiff in a maritime negligence claim 'has failed to satisfy the pleading standard set forth in *Iqbal* and *Twombly*.'" *Id.* at *6-7 (quoting *Holland*, 50 F. 4th at 1095, citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Lincoln v. NCL (Bah.) Ltd.*, No. 23-cv-20519, 2024 U.S. Dist. LEXIS 17341, at *17-18 (S.D.

Fla. Jan. 29, 2024) (allegation that "hazardous conditions were known, or should have been known, to Defendants in the exercise of reasonable care," was "far too conclusory to survive dismissal.")

Plaintiff cites no authority in support of her notice allegations, nor does she distinguish any of the cases cited in Carnival's Motion. Accordingly, Plaintiff's failure to allege *any* factual allegations of notice warrants dismissal.

## II. Plaintiff's Complaint Fails to Plead Causation

Plaintiff's Complaint also contains no allegations regarding what caused her to allegedly trip and fall while descending a staircase on the subject ship. Plaintiff merely alleges that "[s]uddenly and without warning, she tripped and violently fell to the ground." [D.E. 1 ¶ 7]. This allegation is insufficient to establish causation, which warrants dismissal. *Willis v. Royal Caribbean Cruises, LTD*, 77 F.4th 1332, 1337 (11th Cir. 2023) ("[i]t is textbook tort law that a plaintiff seeking redress for a defendant's legal wrong typically must prove but-for causation.")

Plaintiff initially alleged that Carnival was negligent for failing to maintain "the premises," specifically *"wet tiles"* that created a dangerous condition but has since revised her complaint to instead allege that an unspecified *"foreign substance"* created a dangerous condition. [D.E. 1, 13]. Under either reading of the Complaint, Plaintiff's allegations are insufficient to allege causation. Plaintiff argues in her Response that the "real issue" at this stage is "the lack of identity of the foreign substance" she now claims caused her to fall. [D.E. 14, p. 2] This argument is a red herring to detract from the fatal deficiency of her Complaint, which is that Plaintiff never actually ties any alleged dangerous condition to her injury. Chiefly, Plaintiff does not allege or explain how either wet tiles or a foreign substance caused her to *trip* on the subject stairs. Simply, she does not allege what she tripped on.

Once again, Plaintiff's Response does not include any legal authority supporting her contention that she has sufficiently alleged causation, nor does it attempt to distinguish the cases cited in Carnival's Motion, which delineate the need for specific factual allegations establishing that the defendant's alleged negligence caused the plaintiff's alleged injury. *See Klein v. Carnival Corp.*, No. 21-cv-22662, 2022 U.S. Dist. LEXIS 57178, *5 (S.D. Fla. Mar. 29, 2022) ("The Court also agrees with Carnival's argument on causation as to count two. Ms. Klein makes no actual connection between Carnival's ship-wide alcohol service and her injury"); *Nichols v. Carnival Corp.*, 423 F. Supp. 3d 1316 (S.D. Fla. 2019) (dismissing a maritime negligence claim because plaintiff's causation allegations were conclusory and because the complaint did not explain how or why the alleged acts or omissions caused the plaintiff's injury).

Accordingly, Plaintiff's failure to allege causation also warrants dismissal of her Complaint.

**WHEREFORE,** Defendant, Carnival Corporation, respectfully requests that this Honorable Court grant the instant motion, dismissing Plaintiff's Complaint in its entirety, in addition to any further relief this Court deems just and equitable.

Dated: October 23, 2024
Miami, FL

***/s/ Lauren Rose***
LUIS E. LLAMAS (Fla. Bar No.: 0089822)
LAUREN S. ROSE (Fla. Bar No.: 115743)
THOMAS BARDENWERPER (Fla Bar No.: 1044458)
HAILEY DENNIS (Fla. Bar No.: 1059149)
JONES WALKER, LLP
201 S. Biscayne Blvd, Suite 3000
Miami, FL 33131
Tel: (305) 679-5700
llamas@joneswalker.com
lrose@joneswalker.com
*Counsel for Carnival*